Judge Green.
The appellant brought an action of debt against the appellees, on the 11th day of September, 1811, upon a judgment recovered by the intestate of the appellant against the intestate of the appellees, in the County Court of Warren, in North Carolina, in February, 1800; and the declaration makes proferí of the record of that judgment. After a variety of pleading, the parties agreed a. case to this effect: that such a judgment was rendered as is set out in the declaration, which was never satisfied, either by Hook, or his administrators: that the original suit was brought in North Carolina, in 1796, when Hook, then an inhabitant of Virginia, was in North Carolina: that Hook, in 1796 or 1797, returned to Virginia, and continued to reside in Virginia, until the time of his death, in 1808: that the testator of the appellant remained in North Carolina, until her death; and her administrator was never in Virginia, until 7 810: that, by the law of North Carolina, actions of debt on simple contracts must be brought within throe years after the cause of action accrued; and they agreed, that if the defendants could avail themselves of the act of limitations of Virginia, or of the aforesaid act of North Carolina, to bar the plaintiff’s claim, judgment should be given for the defendants; otherwise, that judgment should bo given for the plaintiff for #400, and #12 60. Upon this case, the Court gave judgment for the defendants, and the plaintiff appealed.
*310 This agreed case admits the validity and obligatory ef-' fect 0f the North Carolina judgment, unless that effect be obviated, either by the law of North Carolina, státed in the agreed case, or by the statute of limitations of Virginia.
The statute of Virginia has no effect upon the case; for, even if it came within any of the provisions of our statute, as it does not, it falls within the exceptions of the statute.
The law of North Carolina, as agreed by the. parties, is strictly an act of limitations; for, it is a limitation of the remedy, and- does not affect the right, further than by refusing a remedy. The cases cited at the bar, shew that . the general rule is, that rights as to personal and transitory things, are to be determined by the laws of the country, where the right accrued; but, that remedies are to be governed by the laws of the country in which the remedy is sought. If, therefore, the limitation as to the remedy found in the law of North Carolina would have applied to this ease, if the remedy had been pursued in that State; yet, it does not apply to any remedy pursued in Virginia. It is probable, that even in North Carolina, the act limiting actions of debt on simple contracts to three years, could not apply to an action on the judgment in question. The counsel for the appellees, in the Court below, supposed that, as at the common law, an action on a foreign judgment was an action on a simple contract, that the statute of North Carolina, limiting actions of debt upon simple contracts, properly applied to this case, if any statute of limitations of North Carblina could apply to the case; overlooking the Constitution and laws of the United States, which give-to judgments of any of the United States, the same .effect in all the other States, as they have in the State where they are rendered.
The judgment is to be reversed, and entered for the appellants, according to the agreement of the parties.
*311 Judge Coalter.
I have not considered it necessary in this case; and not having some of the authorities referred to, have therefore made up no opinion on the question, whether, if there is any statute in North Carolina by which this action could be barred there, that statute would operate here; and, indeed, as it is admitted by the case agreed, that neither the intestate of the appellees, nor the appellees themselves ever were in the State of North Carolina after the rendition of the judgment in question, so as to be amenable to process there, it is not to be presumed that a statute so unjust can exist.
Our statute of limitations, I think, does not extend to the case; and, if it did, the facts agreed would bring it within the exceptions in that statute.
It is admitted by the case agreed, that the judgment in question is a subsisting judgment unsatisfied, and of course that the action of the appellants is sustainable thereon, unless the statute of limitations of North Carolina, in reía-. tion to simple contracts, or our statute of limitations, is a bar to the action.
In regard to the former, it is alledged, that the case agreed is imperfect, because it is not stated whether the intestate of the appellees had been served with process in North Carolina, or whether the judgment was against him as an absentee; nor is it stated, whether the judgment was in a Court of Record or not; and, if in a Court of Record, still that the judgment has no greater force in this State, than a simple contract.
According to my view of the case, these questions, at most, would only have been important on the trial, had the defendants wished to impeach the judgment; but, this matter is put to rest by the case agreed, which admits the validity of the judgment.
Admitting every thing that would shew, that this judgment had no more validity than a simple contract, and the *312 foundation of it subject to be impeached, it does not follow t]iat a judgment of any kind is a contract. The law of North Carolina, the substance of which is stated in the cage agreed, relates to contracts, not to judgments. What the law is there, in relation to judgments, has not been stated; doubtless, because it would shew, that this suit would not have been barred by it in that State. The idea seems to have been, that, supposing it to have no more validity here than a simple contract, that either the law of that, or of this State, in relation to such contracts, would be a bar. Our law does not apply, as before stated; and the most that could be contended, would be, that this action, if prosecuted in North Carolina, would be barred there. But, no such law is shewn; and, therefore, the question, whether such law, if it did exist, could avail the party here, does not arise.
The judgment must, therefore, be reversed, and entered for the appellants.
Judge Cabell.
The case agreed admits the judgment on which the action is brought, and admits, moreover, that it has never been satisfied. The only question between the parties is, whether the action is barred by the act of limitations of North Carolina or Virginia.
I consider the law as clearly settled, that whatever relates to the essence of the contract, is to be governed by the law of the place where the contract was formed; but, that what relates to the remedy for enforcing the contract, is to be governed by the law of the place where the contract is sought to be enforced. According to this principle, it is the act of limitations of Virginia, and not that of North Carolina, to which we must look, in deciding this cause; and, if the case comes within our act, it is also manifest that it comes within the exceptions to the act.
*313 The judgment must, therefore, he reversed, and entered for the appellant, according to the case agreed. *

 Judge Brooke, absent.